IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GERBER LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| Stakeholder, | )<br>) |
| v. | )<br>)    CASE NO. 1:24-cv-1788 |
| **KIMYETTA K. MEEKINS and LAWRENCE C. MEEKINS,** | )<br>)<br>) |
| Claimants. | )<br>) |

### COMPLAINT FOR INTERPLEADER

Stakeholder Gerber Life Insurance Company ("Gerber"), for its Complaint in Interpleader, alleges and states as follows:

### PARTIES

1. Plaintiff/Stakeholder Gerber is an insurance company with its place of incorporation in the State of New York and its principal place of business in the State of New York. As such, it is a citizen of the State of New York. It is duly licensed to do business in the State of Maryland.

2. Upon information and belief, Defendant Kimyetta K. Meekins ("Kimyetta") is a citizen of the State of Maryland. Upon information and belief, Kimyetta's permanent address is 8314 Black Harrier Lane, Severn, Maryland 21144.

3. Upon information and belief, Defendant Lawrence C. Meekins ("Lawrence") is a citizen of the State of New Jersey. Upon information and belief, Lawrence's permanent address is 5 Fran Avenue, Ewing, New Jersey 08638.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335(a). This is a civil action of interpleader. Because the policy benefit in dispute totals $25,000.00, the matter in controversy meets the $500.00 requirement of Section 1335(a).

5. The adverse claimants are also of diverse citizenship. *See* 28 U.S.C. § 1335(a)(1). Kimyetta is a citizen of the State of Maryland. Lawrence is a citizen of the State of New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because Kimyetta has made a claim for the policy benefit from her residence, which is within the District of Maryland.

## CLAIM FOR INTERPLEADER

7. Norma Meekins ("Decedent") was the insured under a life insurance policy described below. Decedent was the mother of Lawrence and Kimyetta.

8. Gerber brings this action for interpleader relating to an individual whole life insurance policy bearing policy number 80305402 issued by Gerber on January 22, 2017, providing insurance on the life of the Decedent (the "Policy"). A copy of the Policy is attached hereto as **Exhibit A**.

9. The face amount of the Policy is $25,000, but due to loans taken by policyowner Lawrence Meekins totaling $5,069.35, the benefit due is $19,930.65. (the "Policy Benefit"). *See* Ex. A.

10. The Policy designated Lawrence as the owner and the sole primary beneficiary. Cynthia A. Meekins ("Cynthia") was designated as the contingent beneficiary. *See* Ex. A.

11. The application for the Policy was submitted on December 23, 2016. Decedent's name is signed in the space for "Signature of Proposed Insured" and Lawrence's name in the space for "Signature of Policyowner." *Id.* at Application.

12. Decedent was found deceased on November 29, 2023, while the Policy was in force. A copy of the death certificate is attached hereto as **Exhibit C**.

13. The Policy Benefit became payable to the proper beneficiary(ies) upon Decedent's death.

14. Lawrence has made a claim for the Policy Benefit as the designated primary beneficiary.

15. In communications with Gerber, Kimyetta has challenged the validity of the policy on the ground of Decedent's mental competence at the time of the application. Kimyetta has provided Gerber a probate court order dated November 17, 2016, adjudging Decedent to be incapacitated and appointing Lawrence and Cynthia as guardians. A copy of the probate court order is attached as **Exhibit D.**

16. As a mere stakeholder, Gerber has no interest in the Policy Benefit (except to recover attorneys' fees and costs associated with this action). Gerber therefore respectfully requests that this Court determine to whom the Policy Benefit should be paid.

17. Gerber should not be forced to serve as the trier of fact or law to determine who is entitled to the Policy Benefit; therefore, interpleader is proper, and Gerber should be permitted to deposit the Policy Benefit into this Court's registry and be dismissed as a party.

18. Gerber stands ready, able, and willing to deposit into the registry of the Court the Policy Benefit, plus any applicable interest and less the reasonable attorneys' fees and costs associated with this action, upon issuance of an order authorizing such payment.

19. Accordingly, Gerber requests to submit the Policy Benefit into the registry of this Court. It is requested that the Clerk of Court maintain the funds in the Court's registry until the proper beneficiary or beneficiaries of the proceeds are determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Gerber respectfully prays for judgment as follows:

(a) That Gerber be permitted to pay the Policy Benefit, less its attorneys' fees and costs, into the registry of the Court;

(b) That the Court order Kimyetta and Lawrence to appear and answer and to present whatever claims they may have in and to the Policy Benefit;

(c) That the Court make such judgment as necessary to determine who is properly entitled to the benefits under the Policy and direct the Clerk of Court to release the benefits in accordance with that judgment;

(d) That the Court enjoin Kimyetta and Lawrence and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Policy Benefit and, upon final hearing, permanently enjoin and restrain Kimyetta, Lawrence, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the benefits under the Policy, or relating in any way to Gerber's actions with respect to the handling of these claims;

(e) That the Court dismiss Gerber as a party and discharge it from all further liability under the Policy;

  (f) That Gerber be allowed to recover its costs and fees incurred to interplead this matter; and

  (g) That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Dated:  June 18, 2024       Respectfully submitted,

              BRADLEY ARANT BOULT CUMMINGS LLP

              */s/ Timothy R. Willman*
              Timothy R. Willman (Bar No. 21088)
              1615 L Street N.W., Suite 1350
              Washington, D.C. 20036
              Telephone: (202) 719-8242
              Facsimile: (202) 347-1684
              twillman@bradley.com

              *Counsel for Stakeholder Gerber Life Insurance Company*

**PLAINTIFF WILL HAVE DEFENDANTS SERVED AT THE ADDRESSES BELOW:**

Kimyetta K. Meekins
8314 Black Harrier Lane
Severn, Maryland 21144

Lawrence C. Meekins
5 Fran Avenue
Ewing, New Jersey 08638